E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5429
     Facsimile: (213) 894-0141
     E-mail:   Jeremy.Beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00117-DMG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MIHAI CRISTEA |
| v. | |
| MIHAI CRISTEA, | |
| Defendant. | |

1.    This constitutes the plea agreement between MIHAI CRISTEA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts four and six of the indictment in United States v. Mihai Cristea, Case No. 2:23-

*LMB*
04/13/2023

1  cr-00117-DMG, which charge defendant with bank fraud, in violation of
2  18 U.S.C. § 1344(2), and use of unauthorized access devices, in
3  violation of 18 U.S.C. § 1029(a)(2).

4              b.   Not contest facts agreed to in this agreement.

5              c.   Abide by all agreements regarding sentencing contained
6  in this agreement.

7              d.   Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.

10             e.   Not commit any crime; however, offenses that would be
11  excluded for sentencing purposes under United States Sentencing
12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13  within the scope of this agreement.

14             f.   Be truthful at all times with the United States
15  Probation and Pretrial Services Office and the Court.

16             g.   Pay the applicable special assessment at or before the
17  time of sentencing unless defendant has demonstrated a lack of
18  ability to pay such assessment.

19             h.   Allow funds previously seized in connection with this
20  matter in the amount of $4,008, unless subject to forfeiture, to be
21  applied by the Court to pay, in order of application, any
22  restitution, special assessment, criminal fines, and costs that
23  defendant is required to pay, and execute papers as necessary to
24  accomplish this application.

25                        THE USAO'S OBLIGATIONS

26     3.   The USAO agrees to:

27             a.   Not contest facts agreed to in this agreement.

28

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

4.    Defendant understands that for defendant to be guilty of the crime charged in count four, that is, bank fraud in violation of Title 18, United States Code, Section 1344(2), the following must be true: (1) the defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; (2) the defendant knew that the statements or promises were false; (3) the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) the defendant acted with the intent to defraud; and (5) the financial institution was federally insured.

5.    Defendant understands that for defendant to be guilty of the crime charged in count six, that is, unlawful use of unauthorized

3

access devices, in violation of Title 18, United States Code, Section
1029(a)(2), the following must be true:   (1) defendant knowingly used
the unauthorized access devices at any time during a one-year period;
(2) by using the unauthorized access devices during that period,
defendant obtained things of value, their value together totaling
$1,000 or more during that period; (3) defendant acted with the
intent to defraud; and (4) defendant's conduct in some way affected
commerce between one state and other states, or between a state of
the United States and a foreign country.

                    PENALTIES AND RESTITUTION

     6.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 1344(2), is: 30 years imprisonment; a five-year period
of supervised release; a fine of $1,000,000 or twice the gross gain
or gross loss resulting from the offense, whichever is greatest; and
a mandatory special assessment of $100.

     7.   Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 1029(a)(2), is: 10 years imprisonment; a three-year
period of supervised release; a fine of $250,000 or twice the gross
gain or gross loss resulting from the offense, whichever is greatest;
and a mandatory special assessment of $100.

     8.   Defendant understands, therefore, that the total maximum
sentence for all offenses to which defendant is pleading guilty is:
40 years imprisonment; a five-year period of supervised release; a
fine of $1,250,000 or twice the gross gain or gross loss resulting
from the offense, whichever is greatest; and a mandatory special
assessment of $200.

                               4

1    9.   Defendant understands that defendant will be required to
2  pay full restitution to the victims of the offenses to which
3  defendant is pleading guilty.  Defendant agrees that, in return for
4  the USAO's compliance with its obligations under this agreement, the
5  Court may order restitution to persons other than the victims of the
6  offenses to which defendant is pleading guilty and in amounts greater
7  than those alleged in the counts to which defendant is pleading
8  guilty.  In particular, defendant agrees that the Court may order
9  restitution to any victim of any of the following for any losses
10  suffered by that victim as a result: (a) any relevant conduct, as
11  defined in U.S.S.G. § 1B1.3, in connection with the offenses to which
12  defendant is pleading guilty; and (b) any counts dismissed pursuant
13  to this agreement as well as all relevant conduct, as defined in
14  U.S.S.G. § 1B1.3, in connection with those counts and charges.  The
15  parties currently believe that the applicable amount of restitution
16  is $3,980, but recognize and agree that this amount could change
17  based on facts that come to the attention of the parties prior to
18  sentencing.

19    10.  Defendant understands that supervised release is a period
20  of time following imprisonment during which defendant will be subject
21  to various restrictions and requirements.  Defendant understands that
22  if defendant violates one or more of the conditions of any supervised
23  release imposed, defendant may be returned to prison for all or part
24  of the term of supervised release authorized by statute for the
25  offense that resulted in the term of supervised release, which could
26  result in defendant serving a total term of imprisonment greater than
27  the statutory maximum stated above.
28

1    11.  Defendant understands that, by pleading guilty, defendant
2 may be giving up valuable government benefits and valuable civic
3 rights, such as the right to vote, the right to possess a firearm,
4 the right to hold office, and the right to serve on a jury.
5 Defendant understands that he is pleading guilty to a felony and that
6 it is a federal crime for a convicted felon to possess a firearm or
7 ammunition.  Defendant understands that the convictions in this case
8 may also subject defendant to various other collateral consequences,
9 including but not limited to revocation of probation, parole, or
10 supervised release in another case and suspension or revocation of a
11 professional license.  Defendant understands that unanticipated
12 collateral consequences will not serve as grounds to withdraw
13 defendant's guilty pleas.

14    12.  Defendant and his counsel have discussed the fact that, and
15 defendant understands that, if defendant is not a United States
16 citizen, the conviction in this case makes it practically inevitable
17 and a virtual certainty that defendant will be removed or deported
18 from the United States.  Defendant may also be denied United States
19 citizenship and admission to the United States in the future.
20 Defendant understands that while there may be arguments that
21 defendant can raise in immigration proceedings to avoid or delay
22 removal, removal is presumptively mandatory and a virtual certainty
23 in this case.  Defendant further understands that removal and
24 immigration consequences are the subject of a separate proceeding and
25 that no one, including his attorney or the Court, can predict to an
26 absolute certainty the effect of his conviction on his immigration
27 status.  Defendant nevertheless affirms that he wants to plead guilty
28

6

1   regardless of any immigration consequences that his plea may entail,
2   even if the consequence is automatic removal from the United States.

3                              FACTUAL BASIS

4        13.   Defendant admits that defendant is, in fact, guilty of the
5   offense to which defendant is agreeing to plead guilty.  Defendant
6   and the USAO agree to the statement of facts provided below and agree
7   that this statement of facts is sufficient to support a plea of
8   guilty to the charge described in this agreement and to establish the
9   Sentencing Guidelines factors set forth in paragraph 15 below but is
10  not meant to be a complete recitation of all facts relevant to the
11  underlying criminal conduct or all facts known to either party that
12  relate to that conduct.

13       On March 1, 2023, within the Central District of California, and
14  elsewhere, defendant knowingly and with intent to defraud, executed a
15  scheme to obtain monies, funds, credits, assets, and other property
16  owned by and in the custody and control of Citibank, by means of
17  materially false and fraudulent pretenses, representations, and
18  promises, and the concealment of material facts.

19       Specifically, defendant utilized stolen Electronic Benefit
20  Transfer ("EBT") account information and corresponding personal
21  identification numbers ("PINs") to withdraw or attempt to withdraw
22  funds from EBT accounts not belonging to him.  Defendant made the
23  withdrawals or attempted withdrawals from Automated Teller Machines
24  ("ATMs") owned by Citibank, which at all relevant times was insured
25  by the Federal Deposit Insurance Corporation.

26       In making the withdrawals or attempted withdrawals from victims'
27  EBT accounts using their account information and PINs, defendant
28  represented to Citibank that he was accessing EBT accounts that

                                   7

belonged to him or that he was authorized to access and intended for
Citibank to rely on that representation.  In fact, defendant knew
that the EBT accounts did not belong to him and that he was not
authorized to access them.  Rather, defendant knew that he, himself
or working in concert with others, had obtained victims' EBT account
information and PINs by placing "skimming" devices and cameras on
ATMs or other point-of-sale devices to surreptitiously capture or
record victims' account information and PINs.  Defendant, himself or
working in concert with others, then "cloned" the account information
captured by the skimming devices onto debit, credit or gift cards by
altering the account information on those cards' magnetic stripes.
Defendant then utilized the cloned cards, together with the
surreptitiously captured PINs, to withdraw funds from victims' EBT
accounts.

In furtherance of the foregoing scheme, on March 1, 2023,
defendant withdrew a total of $3,980 in funds from victims' EBT
accounts, consisting of:  $980 from victim A.V.'s EBT account, which
had a balance of $1,073.08; $1,000 from victim K.C.'s EBT account,
which had a balance of $1,073.45; $1,000 from victim G.B.'s EBT
account, which had a balance of $1,113.42; and $1,000 from victim
J.H.'s EBT account, which had a balance of $1,152.46.  Defendant
withdrew these funds without the victims' authorization and with
intent to defraud Citibank of funds within its custody and control.
In total, defendant obtained $3,980 in funds and intended to obtain
$4,412.41 in funds from at least four victims.

When arrested, Defendant possessed four debit, credit or gift
cards that had been cloned with victims' account information that did
not correspond to the account information printed on the face of the

8

cards.  Each of the four cards also had stickers on them bearing the specific victim's EBT account balance and PIN.  Defendant used these PINs to make the four withdrawals.

Defendant possessed $4,008 in cash on his person at the time of his arrest.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and the maximum set by statute for the crimes of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Use of authentication feature: | +5 | U.S.S.G. § 2B1.1(b)(11) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

1      17.  Defendant and the USAO agree that, taking into account the

2  factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing

3  Guidelines effective on the date of sentencing represent a reasonable

4  basis for the Court to determine defendant's sentence in this case,

5  and that defendant should be sentenced in accordance with the

6  Sentencing Guidelines.  Therefore, subject to paragraph 28 below,

7  the parties therefore agree that an appropriate disposition of this

8  case is that the Court impose a sentence of:  a sentence no lower

9  than the low-end of the Guidelines range calculated by the Court,

10 provided that the resulting sentence is at least six months

11 imprisonment; a five-year period of supervised release with

12 conditions to be fixed by the Court; a $200 special assessment; and

13 $3,980 restitution.

14                        WAIVER OF CONSTITUTIONAL RIGHTS

15     18.  Defendant understands that by pleading guilty, defendant

16 gives up the following rights:

17           a.  The right to persist in a plea of not guilty.

18           b.  The right to a speedy and public trial by jury.

19           c.  The right to be represented by counsel -- and if

20 necessary have the Court appoint counsel -- at trial.  Defendant

21 understands, however, that, defendant retains the right to be

22 represented by counsel -- and if necessary have the Court appoint

23 counsel -- at every other stage of the proceeding.

24           d.  The right to be presumed innocent and to have the

25 burden of proof placed on the government to prove defendant guilty

26 beyond a reasonable doubt.

27           e.  The right to confront and cross-examine witnesses

28 against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 10 and the criminal history calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent

11

permitted by law, the constitutionality or legality of defendant's
sentence, provided it is within the statutory maximum; (e) the amount
and terms of any restitution order, provided it requires payment of
no more than $3,980; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the following conditions of probation or supervised
release imposed by the Court: the conditions set forth in Second
Amended General Order 20-04 of this Court; the drug testing
conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   Defendant also gives up any right to bring a post-
conviction collateral attack on the convictions or sentence,
including any order of restitution, except a post-conviction
collateral attack based on a claim of ineffective assistance of
counsel, a claim of newly discovered evidence, or an explicitly
retroactive change in the applicable Sentencing Guidelines,
sentencing statutes, or statutes of conviction.   Defendant
understands that this waiver includes, but is not limited to,
arguments that the statutes to which defendant is pleading guilty are
unconstitutional, and any and all claims that the statement of facts
provided herein is insufficient to support defendant's pleas of
guilty.

22.   The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above and
(b) the Court imposes a term of imprisonment within or above the
range corresponding to an offense level of 10 and the criminal
history category calculated by the Court, the USAO gives up its right
to appeal any portion of the sentence, with the exception that the

12

1  USAO reserves the right to appeal the amount of restitution ordered
2  if that amount is less than $3,980.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

4      23.  Defendant agrees that if, after entering guilty pleas
5  pursuant to this agreement, defendant seeks to withdraw and succeeds
6  in withdrawing defendant's guilty pleas on any basis other than a
7  claim and finding that entry into this plea agreement was
8  involuntary, then (a) the USAO will be relieved of all of its
9  obligations under this agreement; and (b) should the USAO choose to
10 pursue any charge that was either dismissed or not filed as a result
11 of this agreement, then (i) any applicable statute of limitations
12 will be tolled between the date of defendant's signing of this
13 agreement and the filing commencing any such action; and
14 (ii) defendant waives and gives up all defenses based on the statute
15 of limitations, any claim of pre-indictment delay, or any speedy
16 trial claim with respect to any such action, except to the extent
17 that such defenses existed as of the date of defendant's signing this
18 agreement.

### EFFECTIVE DATE OF AGREEMENT

20     24.  This agreement is effective upon signature and execution of
21 all required certifications by defendant, defendant's counsel, and an
22 Assistant United States Attorney.

### BREACH OF AGREEMENT

24     25.  Defendant agrees that if defendant, at any time after the
25 signature of this agreement and execution of all required
26 certifications by defendant, defendant's counsel, and an Assistant
27 United States Attorney, knowingly violates or fails to perform any of
28 defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal

14

1  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
2  Procedure, or any other federal rule, that the statements or any
3  evidence derived from the statements should be suppressed or are
4  inadmissible.

5  <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>
6  <u>OFFICE NOT PARTIES</u>

7      27.  Defendant understands that the Court and the United States
8  Probation and Pretrial Services Office are not parties to this
9  agreement and need not accept any of the USAO's sentencing
10  recommendations or the parties' agreements to facts or sentencing
11  factors.

12      28.  Defendant understands that both defendant and the USAO are
13  free to: (a) supplement the facts by supplying relevant information
14  to the United States Probation and Pretrial Services Office and the
15  Court and (b) correct any and all factual misstatements relating to
16  the Court's Sentencing Guidelines calculations and determination of
17  sentence, and (c) argue on appeal and collateral review that the
18  Court's Sentencing Guidelines calculations and the sentence it
19  chooses to impose are not error, although each party agrees to
20  maintain its view that the calculations in paragraph 15 are
21  consistent with the facts of this case.  While this paragraph permits
22  both the USAO and defendant to submit full and complete factual
23  information to the United States Probation and Pretrial Services
24  Office and the Court, even if that factual information may be viewed
25  as inconsistent with the facts agreed to in this agreement, this
26  paragraph does not affect defendant's and the USAO's obligations not
27  to contest the facts agreed to in this agreement.
28

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.   Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///
///
///
///
///
///
///
///

16

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        31.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF

8    CALIFORNIA

9    E. MARTIN ESTRADA
     United States Attorney

10

11                                              April 14, 2023
     _____           _____
12   JEREMY K. BEECHER                          Date
     Assistant United States Attorney

13                                              _____
     _____           Date   7/5/27
14   MIHAI CRISTEA
     Defendant                                  _____
                                                Date   7/5/23
15   _____
     GEORGE MGDESYAN
16   Attorney for defendant

17                     <u>CERTIFICATION OF DEFENDANT</u>

18        I have read this agreement in its entirety.  This agreement has

19   been read to me in Romanian, the language I understand best.  I have

20   had enough time to review and consider this agreement, and I have

21   carefully and thoroughly discussed every part of it with my attorney.

22   I understand the terms of this agreement, and I voluntarily agree to

23   those terms.  I have discussed the evidence with my attorney, and my

24   attorney has advised me of my rights, of possible pretrial motions

25   that might be filed, of possible defenses that might be asserted

26   either prior to or at trial, of the sentencing factors set forth in

27   18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions,

28

                                    17

1   and of the consequences of entering into this agreement.  No

2   promises, inducements, or representations of any kind have been made

3   to me other than those contained in this agreement.  No one has

4   threatened or forced me in any way to enter into this agreement.  I

5   am satisfied with the representation of my attorney in this matter,

6   and I am pleading guilty because I am guilty of the charges and wish

7   to take advantage of the promises set forth in this agreement, and

8   not for any other reason.

9   _____       _____
                                            7/5/23
10  MIHAI CRISTEA                          Date
    Defendant

11

12

13

14              CERTIFICATION OF INTERPRETER

15      I, ___VAL MONSAPU___, am fluent in the written and

16  spoken English and Romanian languages.  I accurately translated this

17  entire agreement from English into Romanian to defendant MIHAI

18  CRISTEA on this date.

19  _____       _____
                                            7/11/2003
20  INTERPRETER                            Date

21

22

23              CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am MIHAI CRISTEA'S attorney.  I have carefully and thoroughly

24  discussed every part of this agreement with my client.  Further, I

25  have fully advised my client of his rights, of possible pretrial

26  motions that might be filed, of possible defenses that might be

27  asserted either prior to or at trial, of the sentencing factors set

28

                              18

1  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  guilty pleas pursuant to this agreement.

10 _____        ___7/5/23_____

11 GEORGE MGDESYAN                             Date
   Attorney for Defendant MIHAI
12 CRISTEA