GEORGE G. MGDESYAN (SBN 225476)
MGDESYAN LAW FIRM
4529 Sherman Oaks Avenue
Sherman Oaks, California 91403
Telephone (818) 386-6777
Facsimile (818) 754-6778
Email: george@mgdesyanlaw.com

Attorney for Defendant
MIHAI CRISTEA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### —WESTERN DIVISION—

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:23-CR-00117-DMG |
| Plaintiff, | DEFENDANT MIHAI CRISTEA'S SENTENCING MEMORANDUM |
| vs. | Date:  September 26, 2023 |
| MIHAI CRISTEA, | Time: 11:00 a.m. |
| Defendant. | THE HONORABLE DOLLY M. GEE |

Defendant Mihai Cristea, by and through hir attorney of record, George G. Mgdesyan, hereby submits her Sentencing Memorandum pursuant to Federal Rule of Criminal Procedure 32, setting forth the factors the Court should consider in determining what type of sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing pursuant to 18 U.S.C. § 3553(a).

The attached memorandum is based upon the, documents and records on file in this matter, and any argument or evidence that may be presented at the hearing which the Court may wish to consider.

For the reasons discussed in detail herein, Mr. Cristea respectfully requests the Court impose a sentence of six months, time-served, followed by five years of supervised release.

Date:  September 19, 2023                     Respectfully submitted,

                                              MGDESYAN LAW FIRM


                                              /s/ *George G. Mgdesyan*
                                              GEORGE G. MGDESYAN
                                              Attorney for Defendant
                                              MIHAI CRISTEA

2

## DEFENDANT'S SENTENCING MEMORANDUM

## I.
## INTRODUCTION

On March 1, 2023, defendant Mihai Cristea was arrested by law enforcement after he was observed at a Citibank ATM withdrawing funds from four debit cards not belonging to him. Law enforcement discovered four cloned debit cards with stickers affixed to the back with the PIN numbers written on them and $4,000 in cash on defendant's person.

On March 2, 2023, a Complaint was filed for a violation of 18 U.S.C. § 1029(a)(2)(Use of Unauthorized Access Devices). See dkt no. 1. Defendant was arraigned and the court ordered detention pending trial. See dkt nos. 4 and 5. Defendant has been in custody since his arrest on March 1, 2023.[1]

On March 15, 2023, a six-count Indictment was filed, charging defendant with Bank Fraud, in violation of 18 U.S.C. § 1344(2)(Counts One through Four), Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Count Five), and Unlawful Use of Unauthorized Access Devices (Count Six), in violation of 18 U.S.C. § 1029(a)(2) (Count Six). See Indictment at dkt no. 10. The Indictment also includes forfeiture allegations. Id. pp.7-9.

---

[1] At the time of sentencing on September 26, 2023, defendant will have served 6 months and 26 days.

On July 5, 2023, Mr. Cristea entered into a written plea agreement with the government. See dkt no. 29.

On July 11, 2023, Mr. Cristea appeared before the Court and pleaded guilty, pursuant to the plea agreement, to Count Four and Six of the Indictment. See Criminal Minutes—Change of Plea, dkt no. 30.

The Plea Agreement provides the factual basis of the offense. In sum, Mr. Cristea used four cloned debit cards with PIN numbers belonging to other individuals to withdraw $3,980 from a Citibank ATM machine. Plea Agreement at pp.7-9.

## II.
## SENTENCING GUIDELINES

The parties stipulated to the applicability of the following calculations:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [§ 2B1.1(a)(1)] |
| Specific Offense Characteristics: | +5 | [§ 2B1.1(b)(11))(use of unauthorized access device)] |
| AOL | 12 | |
| Acceptance | -2 | [§ 3E1.1(a)] |
| Total Offense Level | =10 | |

PA at 9. However, the parties reserved the right to that additional specific offense characteristics, adjustments, and departures are applicable. Id. Defendant does not have any criminal history points, resulting in Criminal History Category I. This equates to an advisory sentencing range of 6-12 months.

- 2 -

As discussed in detail below, based upon the facts of this case, a two-level minor role adjustment is appropriate. This will result in a sentencing range of 0-6 months. As stated above, and in accordance with the plea agreement, defendant respectfully requests a six-month, time served sentence, followed by five years of supervised release.

**III.**
**ARGUMENT**

**A.    Defendant Occupied a Minor Role Within the Bank Fraud Offense**

A District Court's finding that a defendant qualifies for minor participant status is a factual determination subject to the clearly erroneous standard.  *United States v. Sanchez-Lopez*, 879 F.2d 541 (9th Cir. 1989).  The commentary to U.S.S.G. § 3B1.2 specifically provides as an example of a person who is entitled to a minor role adjustment:

> …a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 (Theft, Property Destruction, and Fraud) *that greatly exceeds the defendant's personal gain* from a fraud offense or who *had limited knowledge of the scope* of the scheme may receive an adjustment under this guideline.  For example, a defendant in a health care fraud scheme, whose participation in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, may receive an adjustment under this guideline.

§ 3B1.2, cmt n.3(A)(emphasis added).

It is submitted that the above example is closely analogous to Mr. Cristea role in

- 3 -

this crime. The Ninth Circuit makes clear that a district court "should consider [the defendant's] culpability relative to the involvement of the other likely actors, such as the…supplier and the distributor," and that a defendant's role is to be compared with that of *all* of the other actors who participated in the offense, not just with that of the defendants charged. Specifically rejecting the analysis that co-participants were limited to the defendants, the Ninth Circuit observed:

> This narrow view cannot be squared with the Guideline's minor participant provision's language or purpose. The Guidelines refer to minor "participants," not to minor "defendants." U.S.S.G. § 3B1.2, comment (n. 3).

*United States v. Rojas-Millan*, 234 F.3d 464, 472  (9th Cir. 2000)(footnote omitted).

In assessing Mr. Cristea's eligibility for a role reduction, the case of *United States v. Green*, 152 F.2d 1202 (9th Cir. 1998), is instructive.  There, the Ninth Circuit affirmed the Court's determination that the defendant played a minimal role in the drug offense and affirmed the Court's reduction of his sentence by four levels on that basis. The defendant had worked in the marijuana garden watering and cultivating the plants. He had made two previous attempts to maintain a marijuana garden.  The Ninth Circuit affirmed the District Court's determination that the defendant's role was minimal on the ground that there was some evidence to support the position.

Certainly, if an individual who watered the plants in a marijuana garden, gathering belongings and equipment, and made two prior attempts to grow marijuana

- 4 -

could receive a minimal (four-level) role reduction, Mr. Cristea, who was clearly among the lower-rung participants as a "runner" involved in the bank fraud, should be seen as having a minor role here and receive the two-level reduction. Mr. Cristea was going to be paid a fraction of the funds he personally withdrew, nothing more. At no point in the recitation of the facts is there an example of Mr. Cristea using independent decision-making authority or performing anything other than the basic task of withdrawing funds from the ATM machine. There is no evidence, for instance, that he was involved in the skimming of the debit card information or PIN numbers; nor is there any evidence that he was involved in the re-encoding of the cards that were seized from his person. His conduct is consistent with the definition of mitigated role, both under the caselaw in this Circuit and in the plain-meaning sense of the term.

Moreover, the modifications to the guidelines enacted on November 1, 2015 (see U.S.S.G. Amendment No. 794) were intended to broaden the category of offender that would qualify for a mitigated role adjustment under Chapter 3, Part B. The revised guideline specifically states:

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline. The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in

- 5 -

the criminal activity.

In explaining the reason it formulated and adopted Amendment No. 794, the Sentencing Commission set forth:

> This amendment is a result of the Commission's study of §3B1.2 (Mitigating Role).  The Commission conducted a review of cases involving low-level offenders, analyzed case law, and considered public comment and testimony.  Overall, the study found that mitigating role is applied inconsistently and more sparingly than the Commission intended.

The 2-level downward adjustment under U.S.S.G. § 3B1.2(b) would result in an Offense Level of 8, Category I, with an advisory range of 0-6 months.

## B.   <u>Mr. Cristea is Likely to be Deported at the Conclusion of this Case</u>

Mr. Cristea has served almost seven months in custody. There is a high probability that he will be deported prior to  his release from custody, as he does not have legal status in the United States. See Detention Order at dkt no. 5, p.3. Therefore, the vast majority of the 3553(a) factors and concerns will be fulfilled. Deportation is "the equivalent of banishment or exile." *Jordan v. DeGeorge*, 341 U.S. 223, 231 (1951). As Justice Field observed long ago, "[I]f the banishment of an alien from another country…where he may have formed the most tender connections be not a punishment, and among the severest of punishments, it would be difficult to imagine a doom to which the name can be applied." *Fong Yue Ting v. United States*, 149 U.S. 698, 749 (1893) (Field, J., dissenting) (quoting James Madison at 4 Elliot's deb 554,

555).

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Cristea respectfully requests the Court impose a six-month, time-served sentence, followed by five years' supervised release.

Date:  September 19, 2023                 Respectfully submitted,

MGDESYAN LAW FIRM


/s/ *George G. Mgdesyan*
GEORGE G. MGDESYAN
Attorney for Defendant
MIHAI CRISTEA

- 7 -